Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5216 | **DATE** | 8/19/2004 |
| **CASE TITLE** | Oviedo vs. Jones | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  As stated in the attached Memorandum Opinion and Order, plaintiff's Rule 50(b) motion [135-1] and defendant Jones' Rule 50(b) motion [134-1] are both denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 20 2004 date docketed | 151 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 8/19/2004 date mailed notice | |
| KF courtroom deputy's initials | | 2004 AUG 19 PM 1:35 Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDO OVIEDO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 5216 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| OFFICER GUY JONES, OFFICER ) | |
| DENNIS MEYERS, OFFICER ) | |
| JOHN STRUNA, and OFFICER ) | |
| MARC REID, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 20 2004

Michael T. Mason, United States Magistrate Judge:

Alfredo Oviedo Jr. ("Oviedo") sued City of Joliet police officers Guy Jones, Dennis Meyers, John Struna and Marc Reid alleging various violations of his civil rights. Specifically, Oviedo alleged that Officers Jones, Struna and Reid used excessive force while interacting with him on September 13 and 21, 1997. Oviedo further alleged that Officer Meyers witnessed the purported use of excessive force by Officers Struna and Reid and failed to intervene to stop them. Finally, Oviedo pled claims for false arrest and malicious prosecution against Officer Jones. The case went to trial before a jury on May 3, 2004. On May 6, 2004, the jury returned a verdict in favor of Officers Meyers, Struna and Reid on the claims against them. The jury found in favor of Officer Jones as to the excessive force and malicious prosecution claims, but found in favor of Oviedo on his false arrest claim against Officer Jones. The jury awarded Oviedo $100,000 in compensatory damages.

At the close of plaintiff's case, and the close of all the evidence, each defendant made an oral motion for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule") 50(a), as to each individual count against him. At the close of defendants' case and before the case was sent to the jury, plaintiff made a Rule 50(a) motion as to his alleged claim against Officer Jones for an improper *Terry* stop.[1] As is customary, and indeed recommended, we reserved ruling on all the Rule 50(a) motions and sent the case to the jury. See *Shaw v. Edward Hines Lumber Co.*, 249 F.2d 434, 437 (7th Cir. 1957). On May 7, 2004, the day after the verdict, we denied Officers Reid, Struna and Meyers' Rule 50(a) motions as moot. We also denied as moot, Officer Jones' Rule 50(a) motions regarding plaintiff's claims for excessive force and malicious prosecution, and ordered further briefing on his motion for judgment as a matter of law as to plaintiff's false arrest claim. That same day, in a separate minute order, we denied plaintiff's Rule 50(a) motion regarding the alleged improper *Terry* stop.[2] On May 21, 2004, plaintiff filed what he entitled a "Motion to Reconsider Order of May 7, 2004, Denying Plaintiff's Motion for Judgment as a Matter of Law." This opinion addresses the two post-trial motions pending before this court, Officer Jones' motion for judgment as a matter of law and plaintiff's "motion to reconsider".[3]

---

[1]See *Terry v. Ohio*, 392 U.S. 1 (1968) (allowing police officers to conduct a brief, investigatory stop and frisk of a person if they have a reasonable suspicion, based on articulable facts, that a crime has been or is about to be committed).

[2]The minute order stated, without elaboration, "[p]laintiff's motion for judgment as a matter of law is denied."

[3]As an initial matter, we note that neither party has ordered, nor provided this court with a copy of the transcript from the proceeding at issue in this decision. Both parties' motions are based on their recollections of the evidence, without any factual citations to the record. The logic behind filing post-trial briefs without a transcript of the proceedings eludes this court and

2

*Plaintiff's Motion*

We begin by addressing plaintiff's motion. Typical of plaintiff's counsel's work product throughout this case, its motion to reconsider is inartfully drafted and fails to clearly identify the type of motion he is filing and the relief he seeks. In fact, plaintiff appears unsure whether he is filing a renewed motion for judgment after trial pursuant to Fed.R.Civ.P. 50(b), or a motion to reconsider pursuant to Fed.R.Civ.P. 59(e).[4] Further, plaintiff omits any reference to the applicable standard of review for either type of motion.

First, in order to apply the correct standard of review, we must determine the basis for plaintiff's motion. A motion containing the information required for a Rule 50(b) motion *and* filed within the applicable time limit for a Rule 50(b) motion is considered a Rule 50(b) renewed motion for judgment as a matter of law, not a Rule 59(e) motion to reconsider. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). The caption of a given motion does not control. *Id.* In order to determine whether plaintiff's motion contains the information required by Rule 50(b) and was filed within the applicable time limit, we must examine the Rule, which provides:

> If, for any reason the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no

---

has delayed the issuance of this opinion.

[4]The first sentence of plaintiff's motion states "[p]ursuant to FRCP 50(B) [sic], Plaintiff moves this Honorable Court to reconsider its order of May 7, 2004, denying Plaintiff's Motion for Judgment as a Matter of Law with regards to the improper *Terry* stop that Officer Jones effectuated against Plaintiff."

3

> later than 10 days after entry of judgment – and may alternatively request a new trial or join a motion for a new trial under Rule 59. . . .

Fed.R.Civ.P. 50(b).

Rule 79(a) governs the definition of "entry of judgment" indicating that "the entry of an order or judgment shall show the date the entry is made." Fed.R.Civ.P. 79(a); *see also Darne v. State of Wis. Department of Revenue*, 137 F.3d 484, 486 (7th Cir. 1998). We issued our order denying plaintiff's motion for judgment as a matter of law on May 7, 2004, however, it was not entered by the docketing department until May 10, 2004. Therefore, plaintiff was required to file his Rule 50(b) motion within ten days of May 10, 2004, excluding weekend days and holidays. *See* Fed.R.Civ.P. 6(a); *Cange v. Stotler and Co.*, 913 F.2d 1204, 1212-13 (7th Cir. 1990)). Plaintiff filed his Rule 50(b) motion on May 21, 2004, within the ten day period, thus it is timely.

Further, by reincorporating the arguments contained in his Rule 50(a) motion, plaintiff's motion meets the content requirements of Rule 50(b). Having established that plaintiff's motion is a Rule 50(b) motion and not a Rule 59(e) motion, we now attempt to decipher its content and the relief requested therein. Our ability to analyze plaintiff's motion is hampered by a number of factors. First, as noted *supra*, plaintiff failed to provide the court with a transcript of the trial proceedings or any of the on-the-record pretrial discussions between the court and counsel for both sides. Although the court took copious notes throughout the trial, it is absurd for plaintiff to expect us to make a Rule 50(b) determination that there is "no legally sufficient evidentiary basis for a reasonable jury to find for [defendant]" (Fed.R.Civ.P. 50(a)), based on submissions from the parties lacking any factual record citations. *See Naeem v. McKesson Drug*

*Co., Inc.*, 2002 WL 975315 *2 (N.D.Ill. May 1, 2002) (court cannot adequately consider a Rule 50(b) motion without the evidence and testimony to which the parties direct their arguments); *see also Plaintiff's Motion for Judgment as a Matter of Law* at 1 (citing Fed.R.Civ.P. 50).

Second, plaintiff's motions failed to provide any case law citations, save references to criminal cases involving *Terry* stops. As stated *supra*, plaintiff failed to articulate the purpose of a Rule 50 motion, the applicable standard for such a motion, and the specific relief sought therein. Plaintiff's original motion merely requested that this court enter judgment as a matter of law that Officer Jones effectuated an improper *Terry* stop. Plaintiff's subsequent motion requests that we reconsider our May 7, 2004 ruling and review additional case law plaintiff cited regarding *Terry* stops. Plaintiff never requests that we set aside the verdict, order a new trial pursuant to Rule 59, or modify his damage award in any way.

In truth, plaintiff's motions appear to be an improper attempt to circumvent our decision to reject his proposed jury instructions regarding an alleged improper *Terry* stop. However, plaintiff did not file a post-trial motion objecting to our rulings regarding his proposed jury instructions. Such a motion would have been considered under a standard highly deferential to the trial court. The trial court's jury instructions are only reviewed to determine whether "the instructions as a whole were sufficient to inform the jury correctly of the applicable law." *Maltby v. Winston*, 36 F.3d 548, 560 (7th Cir. 1994) (quoting *United States v. Villarreal*, 977 F.2d 1077, 1079 (7th Cir. 1992). Further, "[r]eversal is warranted only if the instruction misguides the jury so much that a litigant is

prejudiced." *Maltby*, 36 F.3d at 560 (quoting *Doe v. Burnham*, 6 F.3d 476, 479 (7th Cir. 1993).

The time has passed to file a post-trial motion objecting to our jury instructions. However, if plaintiff had, we would have addressed the issue. Instead, plaintiff chose to file a Rule 50 motion requesting the court to address an issue that was never submitted to the jury, not because we found that it was question of law, but because we found that plaintiff failed to adequately articulate his alleged claim for an improper *Terry* stop in his proposed jury instructions.

The purpose of a Rule 50 motion is generally to correct an error in the verdict. Specifically, judgment as a matter of law under Rule 50 is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue." Fed.R.Civ.P. 50(a)(1); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 422 (7th Cir. 2000). Judgment as a matter of law is inappropriate when " 'the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed.' " *Mathur v. Board of Trustees of Southern Illinois University*, 207 F.3d 938, 941 (7th Cir. 2000) (quoting *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629 (7th Cir. 1996)).

Plaintiff has not alleged an error in the verdict. He has not alleged that there was no legally sufficient evidentiary basis for the jury's verdict. In fact plaintiff appears content with his $100,000 award, as well he should be. Instead plaintiff's motions address an issue that was never submitted to the jury. Accordingly, plaintiff's Rule

50(b) motion is denied.

### Defendant's Motion

Now we turn to defendant Jones's Rule 50(b) motion requesting that we set aside the jury's favorable verdict for Oviedo on his false arrest claim, finding that Officer Jones is entitled to the defense of qualified immunity as a matter of law. As stated *supra*, to succeed on a Rule 50(b) motion, the movant must show that "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on the issue." Fed.R.Civ.P. 50(a)(1). We must draw all reasonable inferences in favor of the nonmoving party, but refrain from making credibility determinations or weighing any evidence. *Mathur*, 207 F.3d 938, 941 (7th Cir. 2000). In other words, the test is whether no rational jury could have returned a verdict for the plaintiff. *Id.*

Generally speaking, under the doctrine of qualified immunity, "government officers performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Maltby v. Winston*, 36 F.3d 548, 554 (7th Cir. 1994) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 (1982). The applicability of the defense of qualified immunity in a given case is a question of law for the court to decide. *Mitchell v. Forsyth*, 105 S.Ct. 2806 (1985). Because qualified immunity provides immunity from suit, "it should be resolved at the earliest possible stage in litigation." *Cygnar v. City of Chicago*, 865 F.2d 827, 843 n.16 (7th Cir. 1989). One common practice is to raise the

issue in a motion for summary judgment prior to trial. Defendant Jones declined to file a motion for summary judgment. Accordingly, we address his defense of qualified immunity now, in his post-trial brief.

"With an unlawful arrest claim in a §1983 action when a defense of qualified immunity has been raised, we will review to determine if the officer actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed." *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). The later inquiry requires us to determine whether "arguable" probable cause existed. *Id*. Arguable probable cause exists when "a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law." *Id*. (quoting *Gold v. City of Miami*, 121 F.3d 1442 (11th Cir. 1997) (per curium) (citations omitted)). Thus, "[o]fficers under this standard may be protected from liability for an objectively reasonable decision, even if wrong"; "qualified immunity is not forfeited unless 'no reasonable officer could have mistakenly believed' that the conduct was unlawful." *Saffell v. Crews*, 183 F.3d 655, 658 (7th Cir. 1999) (citing *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988)). "Probable cause is a common-sense determination, measured under a reasonableness standard." *Humphrey*, 148 F.3d at 726. Probable cause to effectuate an arrest exists when "the facts and circumstances within an officer's knowledge is sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." *Beck v. State of Ohio*, 85 S.Ct. 223, 226 (1964).

In order to determine whether Officer Jones possessed probable cause or arguable probable cause, we must first examine the criminal violation for which Jones claimed to have probable cause to arrest Oviedo. On September 21, 1997, Officer Jones arrested Oviedo for, *inter alia*, unlawful use of a weapon. The following are the facts, viewed in the light most favorable to plaintiff, upon which Officer Jones based his decision to arrest plaintiff. As stated *supra*, we cannot make any credibility determinations or weigh the evidence when considering defendant's claim for qualified immunity. *Mathur*, 207 F.3d at 941. Further, we note that this analysis is difficult given the fact that both sides failed to order, much less provide the court with, a copy of the trial transcript.

On September 21, 1997, responding to a report of gang members hanging out on the street, Officer Jones approached Oviedo and conducted a *Terry* stop. Jones left the area, returning a short time later to find Oviedo in the same general location. From approximately 191 feet away, Officer Jones observed plaintiff placing a small black object either in his front sweatshirt pocket, or in his back pants pocket, the trial testimony was disputed. Plaintiff says the object was a wallet, defendant contends it was a gun. Neither party submitted a special interrogatory to the jury on the issue , so we cannot determine the precise nature of the object because we cannot make credibility determinations or weigh the evidence when evaluating a Rule 50(b) motion. Officer Jones then approached Oviedo, who proceeded to run to his nearby house and go inside.

Without more, a person standing on the sidewalk, placing a small black object into his pocket, is not sufficient for an officer to reasonably believe that probable cause exists to arrest a person for unlawful use of a weapon. Accordingly, Jones' motion for judgment as a matter of law is denied.

*Conclusion*

For the reasons stated above, plaintiff's Rule 50(b) motion and defendant Jones' Rule 50(b) motion are both denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: August 19, 2004