# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5216 | **DATE** | 8/19/2004 |
| **CASE TITLE** | Oviedo vs. Jones | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, plaintiff's motion for attorney fees pursuant to Local Rule 54.3 [147-1] is granted in part and denied in part. Plaintiff is awarded attorneys' fees in the amount of $86,825.00. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 152 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 8/19/2004 | |
| KF | courtroom deputy's initials | 2004 AUG 19 PM 1:39 | date mailed notice | |
| | | Date/time received in central Clerk's Office | KF6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALFREDO OVIEDO, JR., | ) |
| Plaintiff, | ) ) ) |
| | ) No. 99 C 5216 |
| v. | ) |
| | ) Mag. Judge Michael T. Mason |
| OFFICER GUY JONES, OFFICER DENNIS MEYERS, OFFICER JOHN STRUNA, and OFFICER MARC REID, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Pursuant to Local Rule 54.3, plaintiff has petitioned this court for attorneys' fees in the amount of $139,698.75. Defendant Jones objects arguing that plaintiff's fee petition should be reduced to $71,487.65. For the following reasons plaintiff is awarded attorneys' fees in the amount of $86,825.[1]

*DOCKETED*
*AUG 2 0 2004*

### Background

For the purpose of this opinion we assume that the parties are well-versed in the

---

[1] As an initial matter, we note that the parties submitted a 38-page spreadsheet listing plaintiff's counsel's time in chronological order by minutes. The time was not grouped by task or converted to hours. Further, defendant made objections to individual time entries, again without calculating the total time plaintiff's counsel spent on specific tasks. For instance, over a five month period plaintiff's counsel spent 171 hours on jury instructions, based on our calculations. Neither party provided us with this number. Instead, defendant simply argued that plaintiff's counsel's time was excessive and plaintiff reduced the total number of hours requested by 75. The parties left it to the court to comb through the 38-page spreadsheet and add each entry related to jury instructions, in minutes, to determine exactly how much time plaintiff was seeking for his counsel's work on jury instructions. We made similar calculations for other tasks. Such tabulations should have been done by that parties. By failing to make these calculations on their own, the parties have waived any objections to ours.

relevant facts of this case.² Therefore, we will only provide a brief summary of the facts applicable to plaintiff's petition for attorneys' fees. Beginning on May 3, 2004, we presided over a four-day jury trial involving plaintiff Alfredo Oviedo, Jr. and four defendant Joliet City police officers. Plaintiff was unsuccessful on his excessive force claims against Officers Jones, Reid and Struna, his failure to intervene claim against Officer Meyers and his malicious prosecution claim against Officer Jones. However, plaintiff did prevail on his false arrest claim against Officer Jones and the jury awarded him $100,000 in compensatory damages.

A plaintiff is considered a prevailing party "if [he] suceed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To put it another way, a party prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Krocka v. City of Chicago,* 203 F.3d 507, 517 (7th Cir. 2000) *(quoting Farrar v. Hobby,* 506 U.S. 103, 111-112, (1992)). However, when a plaintiff does not prevail on all of the claims he submitted to the jury, and the individual claims are factually unrelated, he will only be reimbursed for fees related to his prevailing claim or claims. *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988). "[W]here 'the plaintiff's claims of relief . . . involve a common core of facts or [are] based on related legal theories,' so that 'much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-

---

²For a more elaborate discussion of the relevant facts, please consult the two other opinions that we issued in conjunction with the instant decision.

2

claim basis, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' " *Id.* (quoting *Hensley*, 461 U.S. at 435). Further, "a partially prevailing plaintiff should be compensated for the legal expenses he would have borne if his suit had been confined to the ground on which he prevailed plus related grounds within the meaning of *Hensley*." *Id.* Both parties agree that plaintiff is a prevailing party as to his false arrest claim against Officer Jones, and concede that it is factually unrelated to his other claims.

Having determined that plaintiff is only entitled to attorneys' fees related to the litigation of his false arrest claim and those additional legal expenses he would have inevitably borne had his suit been confined to that claim, we must determine the applicable method for calculating those fees. Although failing to identify it as such, both parties utilized the lodestar method in reaching their respective fee calculations. Under the lodestar method, we must first determine the reasonable hourly rate for each of plaintiff's attorneys. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993). Next, we determine the reasonable number of hours worked by each attorney. *Id.* Then, we multiply each attorney's reasonable number of hours worked by his or her respective reasonable hourly rate, generating the reasonable amount of fees attributable to each attorney. *Id.* Finally, we tally those sums to reach a single figure representing the total amount of attorneys' fees we will award plaintiff. *Id.*

The parties do not dispute the hourly rates for plaintiff's counsel. Blake Horwitz, Patrick Casey, and Amanda Yarusso will be compensated at hourly rates of $300, $150

and $125, respectively. Plaintiff's counsel further requests a rate of $75 per hour for their support staff. The sole basis for this rate is an affidavit from Blake Horwitz stating that he believes $75 per hour is reasonable. We agree that $75 is reasonable.

Having established a reasonable rate of compensation for plaintiff's counsel, we now address the heart of plaintiff's petition, the reasonable number of hours expended by his counsel, attributable to his prevailing claim for false arrest. We also address Officer Jones' numerous, and often well-founded, objections to plaintiff's proposed hours. Based on the billing records submitted to the court, plaintiff originally sought compensation for 891.7 hours of work on a single, straightforward false arrest claim. Presumably realizing the absurdity of the request, plaintiff's counsel made specific reductions totaling almost 144 hours, and a further 75 hour reduction due to "billing judgment" given Mr. Casey and Ms. Yarusso's "newness to the field." *Plaintiff's Motion for Attorneys' Fees* at 4. After these reductions, plaintiff now seeks compensation for 672.8 hours of work. However, his proposed total fee amount of $139,698.75 is based on 716.85 hours of work. Because plaintiff's proposed hours are not reasonable and warrant significant reductions, we need to attempt to reconcile these divergent hourly totals.

### Jury Instructions and Voir Dire

We begin our analysis of plaintiff's counsel's proposed hours by addressing the issue of jury instructions and proposed voir dire, an area of the litigation the court found particularly irksome. According to plaintiff's counsel's billing statements, they spent

4

approximately 171 hours[3], more than one month of billable time, drafting jury instructions and voir dire questions in this case.[4] Hopefully realizing the excessive time spent on what should have been a routine task, plaintiff's counsel voluntarily reduced their time to 131 hours. Spending more then three weeks of billable time on jury instructions is still excessive.

In this case, we submitted 28 instructions to the jury, 16 of which were our standard instructions posted on the official website for the United States District Court for the Northern District of Illinois. Further, 3 of the 28 instructions related exclusively to plaintiff's unsuccessful claims. The remaining 9 instructions were either independently drafted, or substantially modified by the court.

2 hours is a sufficient amount of time to review our standard jury instructions and determine which instructions applied to plaintiff's case. Plaintiff's counsel did not spend any time customizing our standard instructions to the facts of this particular case. In fact, counsel neglected to print out our standard instructions and did not address whether optional bracketed information contained therein was applicable to this case.

Further, plaintiff is not entitled to any compensation for the time his counsel spent on jury instructions related to his unsuccessful claims. As for the 9 remaining instructions, we believe 12 hours is sufficient. True, combined the parties originally

---

[3]For ease of calculation, total hours have been rounded to the nearest whole hour.

[4]Plaintiff's counsel did not specify the exact time they spent drafting proposed voir dire questions or reviewing defendant's proposed voir dire questions. However, we limited each side to a total of five proposed questions. It could not have taken plaintiff's counsel more than 1 hour to both draft their proposed questions and review defendant's proposed questions. Accordingly, we award plaintiff 1 hour for his counsel's work regarding voir dire questions.

5

submitted over 80 proposed jury instructions to this court. However, plaintiff did not file objections to a majority of defendant's proposed instructions. When plaintiff did submit a written objection, it was generally limited to standard boilerplate language, such as "our instruction is more clear." Based on the quality of the jury instructions plaintiff's counsel submitted to this court and the *substantial* time *we* spent redrafting and modifying those submissions, 12 hours is more than reasonable.

Therefore, we will allow plaintiff 14 hours for drafting jury instructions and 1 hour for his counsel's work on voir dire questions, for a total of 15 hours. We will use Ms. Yarusso's hourly rate of $125 because according to counsel's billing records, these tasks were primarily her responsibility. The equivalent of two days of work to review the courts standard instructions and draft jury instructions for a simple false arrest claim is more than reasonable.

### *Pre-trial Tasks by Mr. Horwitz Prior to 2004*

Next, we address the remainder of plaintiff's attorneys' fee request in a chronological order, beginning in 1999 when plaintiff filed his original complaint. Based on the billing records plaintiff's counsel submitted to the court, Mr. Horwitz was plaintiff's sole representative prior to 2004. Accordingly, in this section of the opinion, we are only concerned with Mr. Horwitz' time sheets. Plaintiff seeks compensation for 115 hours of work purportedly performed prior to 2004 by his counsel. Further plaintiff represents that the requested time solely relates to his prevailing false arrest claim. Defendant objects arguing that plaintiff's counsel is only entitled to 70 hours of compensation for work prior to 2004. We find that plaintiff is entitled to compensation for 98 hours work performed during this time period.

Specifically, we reduced the time Mr. Horwitz spent researching and drafting a response to defendant's motion to dismiss from over 16 hours to 10 hours. We also only allowed 5 hours for a motion to correct, instead of the 8 plus hours requested. The time we have allowed is reasonable for the tasks Mr. Horwitz completed. Further, we did not allow any time for a motion to compel that was allegedly researched and drafted on the day the court heard the motion. Finally, we made a few minor adjustments for time requests we felt were excessive.

### *Pre-trial Tasks performed between January and April, 2004*

Next, we address the compensation plaintiff seeks for the limited time his representatives spent working on his prevailing claim between January and April 2004. Specifically, plaintiff seeks 2 hours of compensation for Mr. Horowitz's work. Officer Jones does not object and we find the request reasonable. Accordingly, it is granted. However, defendant does object to plaintiff's request for 10 hours of compensation for Mr. Casey's work, arguing it should be reduced to 2 hours. The time Mr. Casey billed on April 1 and 8 is excessive. Therefore, plaintiff's compensation for Mr. Casey's work is limited to 5 hours. Plaintiff also seeks compensation for 37 hours of Ms. Yarusso work. Again, defendant objects arguing that the 21 hours she spent researching and drafting a reply to defendant's responses to motions in limine was excessive. Defendant also objects to Ms. Yarusso's time entry on April 8 as being excessive. We agree with defendant's objections. Accordingly, plaintiff is entitled to compensation for 16 hours of Ms. Yarusso time. Finally, we will award plaintiff compensation for the 2 hours spent by clerical staff on this case during this period.

### *Trial Preparation*

For the two weeks prior to trial, plaintiff seeks approximately 220 hours for "trial prep" work performed by his three attorneys and their clerical staff. Plaintiff contends that from April 18, 2004 to May 2, 2004 his counsel expended 221 hours on work related to his prevailing false arrest claim. Unfortunately, a majority of plaintiff's counsel's time entries for this period are vague and list a single block of time in which an attorney completed a number of different tasks ("Block Time entries"). For instance, according to Mr. Horwitz's April 18 time sheet entry, he billed 7 hours for time spent abstracting the depositions of Officer Jones and Alfredo Oviedo, developing a cross examination of Officer Jones, and researching law applicable to *Terry* stops. Unfortunately, based on his time entries we cannot not determine the precise amount of time expended on each task. An attorney with Mr. Horwitz's experience and two junior associates should not be abstracting depositions at a rate of $300 per hour. That is a task better suited for his clerical staff or junior associates.

Mr. Horwitz seeks compensation for approximately 80 hours worth of work during this period of time, we will award him fees for 45 hours of work. We reduced his hours based on some vague and redundant entries on his time sheets, and because we will not compensate an attorney with Mr. Horwitz's experience for abstracting depositions.

Plaintiff also seeks compensation for work performed by Ms. Yarusso and Mr. Casey during this period of time. Specifically, plaintiff seeks compensation for 67 hours Ms. Yarusso spent abstracting transcripts from a two-day bench trial and various civil depositions, and other clerical tasks such as preparing exhibits and organizing trial notebooks. Also included within Ms. Yarusso's Block Time entries is time spent drafting

8

"motions" and preparing witnesses for direct examination. Plaintiff also seeks compensation for 45 hours Mr. Casey spent completing similar tasks.

In order to determine the reasonableness of the substantial time spent by member's of Mr. Horwitz's firm abstracting deposition and trial transcripts, we reviewed a sample of one of those abstracts. After reviewing that sample, we find that while thorough, the abstracting process employed by Mr. Horwitz's law firm should not require the amount of time plaintiff seeks. Additionally, we will not compensate counsel for clerical tasks like preparing exhibits and organizing trial notebooks. Accordingly, we reduce Ms. Yarusso's hours by one-third to 22 hours and reduce Mr. Casey's hours by one-half to 23 hours.

Plaintiff's counsel has requested compensation for 19 hours spent by its clerical staff providing miscellaneous clerical help for the case as a whole. Because plaintiff was only successful on a single claim, we will reduce these hours by one-half to 10.

### Trial Time

Next, we address plaintiff's request for compensation for the presence of three attorneys plus a clerical assistant in court during his four-day trial. Four people were not required to try this case. Two attorneys should have been more than capable of litigating plaintiff's claims. Although the Seventh Circuit has noted the limited relevance of comparing plaintiff's and defendant's attorneys' fees, we find the fact that two attorneys were able to competently represent four separate defendants highly suggestive that plaintiff's fee request regarding this issue is excessive. *See Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir. 1978). Ms. Yarusso

performed one direct examination of a witness that was not pertinent to plaintiff's successful false arrest claim. Accordingly, we will deduct the time she spend in court during the trial from her requested hours.[5] We also reduce 40 hours from Ms. Garner's requested time for the unnecessary time she spent in court. Plaintiff's counsel in essence concedes that Ms. Gardner's proposed hours are excessive by offering to reduce them by 31 hours, or fifty-percent. We further reduce Mr. Casey's time by 6 hours for May 5, 2004, based on the agreement of the parties. Therefore, we award plaintiff compensation for the 108 hours his counsel expended over the duration of the trial. Specifically, he is awarded 52 hours for Mr. Horwitz's time and 46 hours for Mr. Casey's time, the time he requested without modification. As explained above, Ms. Yarusso's time is reduced to 7 hours and Ms. Gardner's time is reduced to 4 hours.

## Post-trial Motions

Plaintiff has requested approximately 24 hours for Mr. Horwitz's work from May 28 through June 24, 2004. Plaintiff's counsel spent this time researching and drafting a response to Officer Jones' post-trial motion regarding the defense of qualified immunity and for various communications with defense counsel. Defendants have agreed to 20 of those hours, which we find reasonable.

---

[5]Plaintiff's counsel and their clerical assistant made Block Time entries for each day of trial. For example, on May 3, 2004, Ms. Yarusso billed 13 hours for time spent on "[t]rial, continu[ing] to prepare witnesses; draft[ing] motions; [and] preparing exhibits." We are unsure how much time she spent performing each of these tasks. Similarly, Ms. Gardner billed 12.5 hours for "[p]roviding litigation support, sorting [and] re-filing." Plaintiff's counsel's practice of not specifying time spent on each individual task has unduly complicated our task in determining their fees. Ms. Yarusso's hours billed on May 5 and 6 are reduced to zero. She voluntarily agreed to reduce her time on May 5 by 6 for time spent on unsuccessful claims. The remainder of that day was spent in court and all of May 6 was spent in court. Therefore, she will not be compensated for her time on those days. We also reduce her time on May 3 and 4 by 10 hours each day for the time she spent in court.

Plaintiff also requested 7 hours for time Mr. Casey spent researching and preparing plaintiff's bill of costs and 5 hours spent preparing plaintiff's petition for attorneys fees. Further, plaintiff seeks one half-hour of time expended by Mr. Yarusso researching the bill of costs petition. This time, totaling 13 hours, will be allowed.

Finally, plaintiff requests 6 hours for time Mr. Horwitz spent drafting plaintiff's post-trial motion regarding an alleged unlawful *Terry* stop. This motion is not related to plaintiff's prevailing claim. Accordingly, plaintiff's request is denied.

**Conclusion**

For the reasons stated above we award Alfredo Oviedo Jr. attorneys' fees in the amount of $86,825. Specifically, Mr. Horwitz is entitled to compensation for 217 hours of work at $300 per hour for a total of $65,100. Mr. Casey is entitled to compensation for 86 hours of work at $150 per hour for a total of $12,900. Ms. Yarusso is entitled to compensation for 61 hours of work at $125 per hour for a total of $7,625. Finally the clerical staff is entitled to compensation for 16 hours of work at $75 per hour for a total of $1,200. It is so ordered.

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

Dated: August 19, 2004

11