# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5216 | **DATE** | 8/19/2004 |
| **CASE TITLE** | Oviedo vs. Jones | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, the Clerk of Court is directed to tax costs in favor of plaintiff Alfredo Oviedo Jr. in the amount of $3,141.14. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | AUG 20 2004 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 8/19/2004 |
| KF courtroom deputy's initials | | 2004 AUG 19 PM 1:33 Date/time received in central Clerk's Office | date mailed notice KF mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALFREDO OVIEDO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 5216 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| OFFICER GUY JONES, OFFICER ) | |
| DENNIS MEYERS, OFFICER ) | |
| JOHN STRUNA, and OFFICER ) | |
| MARC REID, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
AUG 2 0 2004

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

A jury found for Oviedo and against Officer Jones on his claim for false arrest pursuant to 42 U.S.C. §1983. Oviedo has petitioned the court pursuant to Rule 54(d)(1) and 28 U.S.C. §1920 for an award of costs in the amount of $4,326.39.[1] Officer Jones has filed an objection to Oviedo's petition. For the reasons set forth below, we award Oviedo costs in the amount of $3,141.41.

## Discussion

According to Rule 54, "[c]osts other than attorney's fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Section 1920 allows costs to be recovered for (1) fees for the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic

---

[1] Plaintiff originally requested $4,444.02 in costs. In response to defendant's objections, plaintiff reduced his request by $117.63. Plaintiff withdrew his request for $92.63 for medical records and a $25 witness fee for Dr. Enacopol.

transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court appointed experts. *28 U.S.C. § 1920.* Because these costs are presumptively awarded to the prevailing party, the losing party bears the burden of showing that the prevailing party is not entitled to certain costs. *See FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997).

### *Fees for the Clerk*

Our discussion commences on a high note, with the parties agreeing that plaintiff is entitled to his $150 filing fee paid to the clerk. Unfortunately, for the most part, the agreement ends here.

### *Fees for Service of Summons and Subpoenas*

Next, plaintiff requests $137.00 in fees for service of summons and subpoenas. Defendant objects arguing that three of the five subpoenaed witnesses either did not testify at trial, or did not testify regarding plaintiff's sole prevailing claim for false arrest. In order to recover costs for service of subpoenas, the plaintiff must only show that "the subpoenas were reasonable and necessary when served in light of the facts known at the time of service." *Movitz v. First Nat'l Bank of Chicago*, 982 F.Supp.571, 574 (N.D.Ill. 1997). The fact that a witness did not testify does not necessarily show that a subpoena for a deposition or testimony was unreasonable. *Id.* The defendant in this case does not proffer any evidence to show that it was unreasonable for the plaintiff to believe that the subpoenas for Floretta Duncan and Celeste Oviedo were necessary at

the time they were served. However, Dr. Enacopol's testimony was not related to plaintiff's prevailing claim and fees for her subpoena will not be awarded. Accordingly, plaintiff is awarded $103.44 for service of summons and subpoenas; the $137.78 requested less $ 34.34 for Dr. Enacopol's subpoena and its related UPS service fee.

## Fees for the Court Reporter

Plaintiff requests a total of $2,912.23 in court reporter fees; $984 for deposition transcripts and $1,928.23 for trial transcripts. Plaintiff requests $860.60 for trial transcripts from his state court criminal trial and $1,067.63 for trial transcripts for the instant federal case. Defendant objects to the $1,067.63 for the federal transcripts arguing that plaintiff not only failed to explain the necessity for them, but the total federal transcript costs should be reduced to reflect that fact that plaintiff only prevailed on one of his claims.

Courts have long recognized that fees for "trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case" will be awarded. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Whether a transcript was necessary is determined based on the facts at the time it was requested, and the use of testimony from the transcript is not a prerequisite to finding that the transcript was necessary. *Id.* We find that the state and federal trial transcripts were necessary. Accordingly, we award plaintiff transcript costs in the amount of $1,928.23.

Plaintiff also seeks deposition transcript costs. In response to defendant's objections, plaintiff has limited his request to $466.25, the cost for Officer Jones' deposition transcript. Plaintiff's request is granted.

### Fees and Disbursements for Printing

Plaintiff seeks $974.47 in photocopying charges. Specifically, plaintiff seeks reimbursement for the $443.44 he spent on enlarging a diagram poster used at trial. "Enlargement costs are reimbursable if the exhibits were 'necessary to the understanding of an issue and a material aid to the jury . . . .'" *Robinson v. Burlington Northern R. Co.*, 963 F.Supp. 691 (N.D.Ill. 1997) (quoting *Endress Hauser Inc., v. Hawk Measurement Sys. Pty, Ltd.*, 922 F.Supp. 158, 162 (S.D.Ind. 1996)). $443.44 seems excessive to enlarge a single diagram. Further, the court recalls that plaintiff was required to remove certain objectionable aspects of the diagram he originally tendered to the court. Therefore, we will not reimburse plaintiff for his original objectionable enlargement. Accordingly, we will reduce his request by half to $221.72.

Plaintiff also requests $345.68 for copies of photos he intended to use for impeachment at trial, but which were never used. Plaintiff does not specify which witnesses he intended to impeach or whether the proposed impeachment pertained to his prevailing false arrest claim. It is reasonable to enlarge photos for the purposes of impeachment. However, in light of defendant's objection, plaintiff has failed to show that the photos were relevant to his false arrest claim and not intended for use against the other three defendants. Therefore, we reduce his request by 75% to $86.42. Accordingly, we award plaintiff photocopying costs in the amount of $493.49.

### Other Fees

Finally plaintiff seeks reimbursement in the amount of $151.91 for messenger service fees. Defendant objects arguing that plaintiff has failed to provide any support

4

for the reasonableness or necessity of these fees. Plaintiff responds by arguing that the "fees are reasonable and necessary in light of the fact that these fees for service of summons accrued directly during the time after the case was initially filed, when there was considerable question as to which were the correct defendant officers whom needed [sic] named." *Pl.'s Response Br.* at 4. We do not find plaintiff's response persuasive. Accordingly, we will not award plaintiff $151.91 for messenger service fees.

**Conclusion**

For the reasons stated above, the court taxes costs in favor of plaintiff Alfredo Oviedo Jr. in the amount of $3,141.14. It is so ordered.

ENTER:

*[signature]*

**MICHAEL T. MASON**
**United States Magistrate Judge**

Dated: August 19, 2004